MCGREGOR W. SCOTT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-059 TLN |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER BETWEEN THE PARTIES |
| v. | |
| KEVIN JOSEPH MARTIN, | |
| Defendant. | |

## STIPULATION

1. Plaintiff United States of America, by and through its counsel of record and defendant Kevin Martin, by and through his counsel of record, for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a protective order in this case restricting the use and dissemination of materials relating to restitution request(s) submitted that contain private and confidential information of victims.

2. The indictment in this case charges the defendant with violations of 18 U.S.C. § 2422(b), Attempted Enticement of a Minor (Count One), and 18 U.S.C. § 2252(a)(2), Distribution of Child Pornography (Counts Two and Three).

3. On June 14, 2018, the defendant pled guilty to Count One of the Indictment, Attempted Enticement of a Minor. The defendant is currently in custody.

4. The defendant is scheduled to be sentenced on September 27, 2018.

5. To date, the government has received one restitution request and documentation in

support of that request. The supporting documentation contains private victim information, including reports of medical/ mental health evaluations. The victim requests that the supporting documentation be filed under seal and not be publicly disclosed.

6. The government may receive additional requests for restitution from victims with supporting documentation that contains private and confidential victim information.

7. Pursuant to 18 U.S.C. § 3771, the Crime Victims' Rights Act, all victims have a right to be "reasonably protected from the accused" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(1) and (8).

8. The purpose of this protective order is to prevent public dissemination of a victim's personally identifiable information and other private and confidential information, including medical and mental health information. The parties agree that the following conditions, if ordered by the Court in a Protective Order, will serve the government's interest in maintaining the victim's right to privacy, while permitting the Defense Team to review the information supporting the victim's request for restitution.

9. Although the parties anticipate that restitution requests and information submitted in support of any request will be filed under seal with the Court as an attachment to the final Pre-Sentence Investigation Report (PSR), this Protective Order will allow the government to produce the information to the Defense Team in advance of the final PSR.

10. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

**PROPOSED PROTECTIVE ORDER**

**A.     Protected Material**

11. This Order pertains to all materials relating to information provided in support of requests for restitution that are provided to defense counsel (hereafter "Protected Materials"). Protected Materials will be provided to defense counsel on a CD labeled "Protected Materials."

**B.     Defense Team**

12. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

13. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

14. Defense Counsel must provide a copy of this Order to all members of the Defense Team. Defense Counsel must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Discovery to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

15. Members of the defense team who are employees of the Federal Defender's Office who have signed a confidentiality agreement as part of their employment are not required to sign a written acknowledgement. The confidentiality agreement need not be disclosed or produced to the United States unless ordered by the Court

**C.      Disclosure of Protected Materials**

16. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials.

17. Defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and his Defense Counsel shall ensure that the defendant is not left alone with the Protected Material. Defendant may not copy, keep, maintain, or otherwise possess any of the Protected Material or information derived from Protected Material.

18. No person or party shall use any Protected Material or information derived from Protected Material produced in this action for any purpose other than use in the above-captioned case. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

19. This Order does not limit employees of the United States Attorney's Office for the

Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

20. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Discovery by third parties if Defense Counsel is considering disseminating any of the Discovery to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.    Ensuring Security of Protected Material**

21. The Defense Team shall maintain the Protected Material safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Material by storing the Protected Material in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

22. A copy of the Protective Order must be stored with the Protected Material, in paper form and electronically.

23. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

24. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**E.    Filings**

25. Nothing in this Stipulation and Order precludes or prevents any party from using any discovery in furtherance of this case, including seeking to admit any of the documents as evidence, or filing with the Court any documents in relation to any motion or other matter submitted to the Court.

26. In the event that Defense Counsel or the Defense Team need to file on the public docket

any of the materials contained in the Protected Material, the filing shall be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the government to afford the government an opportunity to object or otherwise respond to such intention. If the government does not object to the proposed filing, the party seeking to file such information shall redact all personally identifying information, and shall make all reasonable attempts to limit the divulging of confidential medical and mental health information by redacting information that is not relevant to the filing. In addition, the parties agree to that if it becomes necessary to refer to a victim in a public filing or during a public court proceeding, the parties will use either the pseudonym requested by the victim or a general pseudonym such as "Victim 1."

### F. Conclusion of Prosecution

27. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

28. Upon the latter of either the conclusion of the case, including after any appeal or collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, is decided, or at the expiration of defense counsel's document retention requirement, the counsel for defendants will either return to the United States all discovery, or certify that it has been shredded or otherwise destroyed.

### G. Termination or Substitution of Counsel

29. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 28 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

30. Nothing in this Order shall prevent any party from seeking modification to the Order.

Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular information.

### I. Violation of Order

31. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

32. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

33. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated: August 24, 2018

McGREGOR W. SCOTT
United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

Dated: August 24, 2018

/s/ LEXI NEGIN
LEXI NEGIN
Counsel for Defendant
Kevin Martin

### [~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 24th day of August, 2018.

THE HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE